**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TANYA HARTMAN, on behalf of herself and all others similarly situated, | Civil Case Number: 15-2818 |
| Plaintiff, | **CIVIL ACTION** |
| -v- | **CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |
| FINANCIAL RECOVERY SERVICES, INC., LVNV FUNDING, LLC and JOHN DOES 1-25, | |
| Defendant. | |

     Plaintiff, TANYA HARTMAN (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Marcus Law, LLC, against Defendant FINANCIAL RECEEVERY SERVICES ("FRS") and LVNV FUNDING, LLC ("LVNV") (collectively hereinafter "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. FRS is a collection agency with its principal office located at 4510 W. 77th Street, Ste 200, Edina, Minnesota 55435.

8. FRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. FRS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. LVNV is a purchaser of performing and non-performing consumer credit debts, which are in default at the time the debts are acquired with its principal office located at 625 Pilot Road, Ste 3, Las Vegas, Nevada 89119-4485.

11. Upon information and belief, LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. In connection with its debt servicing operations, LVNV routinely hires other debt collectors, such as FRS, to send dunning letters to consumers in an effort to collect

money on defaulted consumer debts that LVNV acquires.

13. LVNV is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

14. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

15. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following New York consumer class (the "Class"):

- All New York consumers who were sent collection letters and/or notice from Defendant attempting to collect an obligation owed to or allegedly owed to LVNV Funding, LLC that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.

- The Class period begins one year to the filing of this Action.

16. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in

accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.  Whether Defendant violated various provisions of the FDCPA;

  b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

18. Some time prior to January 27, 2015, an obligation was allegedly incurred to Citibank (South Dakota), N.A. ("Citibank")

19. The Citibank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

21. Citibank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

22. Some time prior to January 27, 2015 the Citibank debt was purchased and is owned by LVNV Funding LLC ("LVNV")

23. At the time LVNV purchased said debt, Citibank charged off the debt and ceased collecting interest on it.

24. By charging off the debt, Citibank was able to take a bad-tax deduction and could avoid the cost of sending the Plaintiff periodic statements on her account.

25. As such, Citibanks intention to cease collection charging interest was neither irrational nor altruistic and waived its right to continue collection interest in the future.

26. LVNV directly or through an intermediary contracted FRS to collect the LVNV debt.

27. On or about January 27, 2015, the FRS caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged LVNV debt. *See* **Exhibit A.**

28. The January 27, 2015 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

29. The January 27, 2015 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

30. The  January 27, 2015 letter stated in part:

> "DATE OF LAST PAYMENT:  02/01/02
>  CHARGE-OFF DATE:  09/30/02
>  DATE FIRST DELINGQUENT:  03/30/02
>
>  <u>BALANCE ITEMIZATION</u>
>  PRINCIPAL BALANCE:  $1347.03
>  INTEREST BALANCE:  $642.71
>  BALANCE DUE:  $1989.74"

31. Upon information and belief, LVNV began charging interest on the account after it purchased it.

32. Defendants cannot be given a right to collect interest, contractually or statutorily, after

the original creditor already waived their right to collect interest.

33. Upon information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Pursuant to 15 USC §1692e:

> **A debt collector may not use false, deceptive or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
> **1692e(2)(A): The False representation of the character, amount, or legal status of any debt.**

36. The Defendant violated said section by falsely representing the amount of the debt in the January 27, 2015 letter.

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692f *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

40. Pursuant to 5 U.S.C. § 1692f:

**A debt collector may not use unfair or unconscionable means to collect any debt including;**
**1692f(1) a debt collector may not collect any amount unless such amount is expressly authorized by the agreement or permitted by law.**

41. The Defendant violated said section by attempting to collect interest charges on the outstanding balance which were not authorized to collect.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 15, 2015                    */s/ Ari Marcus*_____
                                       Ari Marcus, Esq.
                                       MARCUS LAW, LLC
                                       1500 Allaire Avenue, Suite 101
                                       Ocean, New Jersey 07712
                                       (732) 660-8169 telephone
                                       (732) 298-6256 facsimile
                                       *Attorneys for Plaintiff*


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.


Dated: May 15, 2015                    */s/ Ari Marcus*_____
                                       Ari Marcus, Esq.


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: May 15, 2015                    */s/ Ari Marcus*_____
                                       Ari Marcus, Esq.